IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,950-02






EX PARTE SAMUEL HARROL SMITH,


AKA PEE WEE SMITH, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. CR17631 IN THE 75TH DISTRICT COURT

FROM LIBERTY COUNTY






Per curiam.


O R D E R


 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to fifteen years' imprisonment. He did not appeal his conviction.

 Applicant contends that his sentence should have discharged. Applicant has alleged facts that,
if true, might entitle him to relief. Ex parte Spann, 132 S.W.3d 390 (Tex. Crim. App. 2004). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it shall order the Texas Department of Criminal Justice's Office of the General Counsel to file
an affidavit listing Applicant's sentence begin date and the dates of issuance of any parole-revocation
warrants leading to the revocation of such parole or mandatory supervision. The affidavit should
state whether Applicant is serving a sentence for, or has previously been convicted of, an offense
listed in Tex. Gov't Code § 508.149(a) at the time of Applicant's revocation. The affidavit should
also address how much time was remaining on this sentence on the date Applicant was released on
parole or mandatory supervision, and how much time Applicant spent on release before the issuance
of the revocation warrant. The affidavit should state whether Applicant is receiving credit for any
of the time he spent on parole or mandatory supervision. Finally, the affidavit should indicate
whether Applicant has submitted his claim to the time credit resolution system of TDCJ, and if so,
the date his claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a hearing,
it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented
by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex. Code Crim.
Proc. art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial
court shall then make findings as to whether Applicant is eligible to earn street time credit, and if
so, whether he is entitled to credit for his time spent on release. The trial court shall also make
findings as to whether Applicant is receiving the proper amount of credit for that time. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: October 8, 2008

Do not publish